FILED
CHARLOTTE, NC

AUG 17 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:26-cr-169-KDB |
| v. | ) | **BILL OF INDICTMENT** |
| JORDAN SHORTRIDGE | ) | 18 U.S.C. § 1343 |

**THE GRAND JURY CHARGES:**

At the specified times and at all relevant times:

**Introduction**

1. From no later than May 14, 2018, until at least August 24, 2021, the Defendant, JORDAN SHORTRIDGE, executed a scheme to defraud Church A by exploiting his access to its financial accounts to obtain its money and property to fraudulently enrich himself. During the scheme, SHORTRIDGE obtained over $350,000 from Church A, which he retained and spent for personal purposes.

**The Defendant and Relevant Entities**

2. SHORTRIDGE was a resident of Dallas, North Carolina.

3. Church A was a church located in Dallas, North Carolina. SHORTRIDGE's grandfather served as the pastor of Church A and SHORTRIDGE's grandmother held a role with Church A that allowed her access to its financial accounts. SHORTRIDGE operated Church A's media department, though he was not an employee and was not paid regular wages.

**The Scheme to Defraud**

4. It was part of the scheme that SHORTRIDGE, through his familial relationships and role with the church, obtained access to Church A's PayPal account and credit card, both of which were funded from Church A's bank account, purportedly to pay church-related media expenses.

5. It was further part of the scheme that SHORTRIDGE used his access to embezzle funds from Church A by initiating transfers that were unauthorized by Church A from Church A's PayPal account to his personal PayPal accounts. SHORTRIDGE then conducted further electronic transfers to pay personal expenses and move embezzled funds from SHORTRIDGE's personal PayPal accounts into his personal bank accounts.

6. Between on or about May 14, 2018, until at least August 17, 2021, SHORTRIDGE caused more than 200 fraudulent transfers totaling over $350,000 from Church A's PayPal account without the knowledge or consent of Church A.

7. In order to prolong the scheme and keep it from being detected, SHORTRIDGE concealed, and attempted to conceal, his embezzlement from Church A by, among other things, providing materially false and misleading information to the administration of Church A concerning the transactions.

**COUNT ONE**
**18 U.S.C. § 1343**
**(Wire Fraud)**

8. The grand jury realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 7 of the Bill of Indictment.

9. From on or about May 14, 2018, until at least August 24, 2021, in Gaston County, within the Western District of North Carolina, and elsewhere, the defendant,

**JORDAN SHORTRIDGE**

with the intent to defraud, did knowingly and intentionally devise the above-described scheme and artifice to defraud and obtain money by materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, and for the purpose of executing such scheme and artifice to defraud, did transmit and cause to be transmitted by means of wire communication in interstate commerce any writing, signal, or sound, to wit, the defendant, while located in Gaston County, North Carolina, did transmit or cause to be transmitted wires in interstate commerce, including but not limited to electronic financial transactions and other payments in interstate commerce.

In violation of Title 18, United States Code, Section 1343.

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of 18 U.S.C. § 982 and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 982 and/or 2461(c):

a. All property which constitutes or is derived from proceeds of the violation set forth in this Bill of Indictment; and

b. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) or (b) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a) and (b).

The following property is subject to forfeiture on one or more of the grounds stated above: a forfeiture money judgment in the amount of $351,601.73, such amount representing the proceeds of the wire fraud scheme set forth herein.

A TRUE BILL

[redacted]

FOREPERSON

RUSS FERGUSON
UNITED STATES ATTORNEY

GRAHAM BILLINGS
ASSISTANT UNITED STATES ATTORNEY